# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| MILTON LARRY WATTS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 6:06-CV-26 (WLS) |
| | * | 42 U.S.C. § 1983 |
| CPT. JOHN RICHARD, et al., | * | |
| | * | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

Before the court is Defendants' Motion for Summary Judgment filed on October 13, 2006. (R-20). On October 17, 2006, the Court issued a Notice of Motion for Summary Judgment which was mailed to the Plaintiff at his last know address by the clerk's office on the same date. Said Notice was returned in the mail as undeliverable on October 26, 2006. (R-33). After notifying the clerk's office that he had been returned to the Thomas County Jail (R-19), Plaintiff Watts thereafter failed to file another change of address, nor has he filed any motions or documents since October 16, 2006. (R-29).

## Legal Standard

Federal Rule of Civil Procedure 56, which deals with motions for summary judgment provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R..Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the nonmoving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604

(11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991).

## **DISCUSSION**

It appears from the complaint that Plaintiff is alleging that between December 5, 2005 and approximately February 7, 2006, the Defendants were deliberately indifferent to his serious medical need related to a prior back and neck injury. (R-2). Specifically, Plaintiff Watts stated:

> The medicine that was given wasn't helping, so I ask[ed] to be taken to the hospital to have an upperdural (sic) injection in my neck which is a steroid injection. I was refused by Cpt. John Richard and told that he wouldn't pay for it. . . . They put me on medicine that wasn't giv[ing] no relief and I addressed them again. After this they gave me something a little better but not as my medicine from my doctors.

*Id*. at 4. Plaintiff also complained that sometimes he received his medicine late and that there was a time when he didn't receive his medicine at all. *Id*. Plaintiff claims that because of the actions of the Defendants he suffered "really badly with pain." *Id*. Plaintiff Watts seeks relief in the form of an appointed attorney, $50,000 in actual damages and $50,000 in

3

punitive damages. *Id.* at 5.

In order to prevail on his constitutional claim and to recover in this case, Plaintiff must establish that defendants were deliberately indifferent to his serious medical needs. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). Prison officials or prison doctors cannot be held accountable "under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 837, 114 S. Ct. 1979 (1994). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as infliction of punishment." *Id*. at 848. "Thus, the official must have a subjectively sufficiently culpable state of mind." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (internal citations omitted). "Likewise, in addition to the subjective awareness of the relevant risk, *Estelle* requires that plaintiff show more than mere negligence to establish a violation of the Eighth Amendment. . . ." *McElligott*, 182 F.3d 1248, 1255 (11th Cir. 1999); citing *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). The medical care provided a prisoner is not required to be "perfect, the best obtainable, or even very good." *Brown v. Beck*, 481 F. Supp. 723, 726 (S.D.Ga. 1980). However, a "delay in treatment can, depending on the circumstances and the length of the

4

delay, constitute deliberate indifference." *Hinson v. Edmond*, 192 F.3d 1342, 1348 (11th Cir.1999) (citing *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 (11th Cir. 1997); *Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994)).

To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *Citing Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). First a plaintiff must set forth evidence of an objectively serious medical need. *Id*. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Id.* (additional citations omitted).

There does not appear to be any dispute that Plaintiff had a serious medical need. The Defendants' admit in their sworn affidavits that Plaintiff Watts was diagnosed with cervical and lumbar disc disease (a degenerative condition) and that Plaintiff's medical records revealed a history of disc bulges and canal stenosis. (R-21, 24-1). Therefore, the issue to be addressed is whether the Defendants were "deliberately indifferent" to that serious medical need. To establish that a prison official acted with deliberate indifference to a serious medical need, a Plaintiff must show that the defendant had subjective knowledge of a risk of serious harm; that the defendant disregarded the risk; and that his conduct was more than mere negligence. *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir.2004).

Defendants submitted the Affidavit of Dr. Roland Brown, who treated Plaintiff while he was an inmate at the Thomas County Jail (TCJ). (R-24-1). It appears from the multitude

5

of exhibits attached, that each time Plaintiff Watts filed a Prisoner Medical Request form (PMR), he was timely seen by Dr. Brown and prescribed medication to treat his ailments. (R-24-2, 24-4, 24-5, 24-6, 24-7, 24-8). Dr. Brown testified that he prescribed Indomethacin, "which treats the pain, swelling and stiffness associated with arthritis, bursitis and tendonitis," as a result of the history given to him by Plaintiff Watts on December 20, 2005. (R-24-1). Plaintiff completed a PMR on January 9, 2006, and was seen by Dr. Brown the next day. *Id*. After reviewing Plaintiff's requested medical records, Dr. Brown concluded that Plaintiff had cervical and lumbar disc disease, a degenerative condition that develops over time. *Id*. Based upon this new diagnosis, Dr. Brown prescribed Naprosyn, "a nonsteroidal anti-inflamatory drug that relieves pain and swelling." *Id*. Dr. Brown also testified that he considered Plaintiff's request for an epidural injection, but "concluded that treatment of his condition with prescription medication was appropriate." *Id*. On January 24, 2006, after Plaintiff submitted a PMR complaining of problems with his back and great pain, Dr. Brown saw Plaintiff and prescribed Ultram, a pain reliever. *Id*. After a March 14, 2006, visit with Plaintiff, Dr. Brown continued Plaintiff's prescription for Ultram and issued a prescription for a decongestant. *Id*. Plaintiff completed a PMR on March 20, 2006, complaining of a cough, problems with his eyes, and mental health issues. (R-24-7). Dr. Brown prescribed an antibiotic and an expectorant, after diagnosing Plaintiff with mild bronchitis, but found nothing wrong with Plaintiff's eyes. (R-24-1). Dr. Brown noted that Plaintiff did not complain of neck or back pain during this visit. *Id*. At Dr. Brown's last visit with Plaintiff on March 31, 2006, following Plaintiff's submission of a PMR, Dr. Brown

6

diagnosed Plaintiff with degenerative disc disease, which he continued to treat with Ultram. *Id*. In addition Dr. Brown diagnosed Plaintiff with rhinitis, for which he prescribed "an antihistamine with a decongestant that is used to relieve the symptoms of allergies." *Id*.

The Affidavit of Greg L. Yarbrough, a pharmacist employed by Jackson Street Pharmacy (which frequently fills prescriptions for inmates of the Thomas County Jail), confirms that Plaintiff Watts had prescriptions filled on his behalf. (R-27). The Affidavit of Sonja Bradley, the medical officer at the Thomas County Jail, explains the Medical Administration Records utilized by the Thomas County Jail to document the delivery of medication to inmates. *Id*. Attached as Exhibits to Defendant Bradley's Affidavit are nine pages of Medication Administration Records relating to Plaintiff Watts. (R-23-2, 23-3, 23-4, 23-5, 23-6, 23-7, 23-8, 23-9, and 23-10 ). These records reflect that during the time period complained of, Plaintiff Watts was given his prescribed medicine by the staff of the Thomas County Jail, with only a few marks in the record indicating that someone had not recorded whether or not Plaintiff received his medication on that date. (R-23-2, 23-3, 23-4, 23-5, 23-6, and 23-7).

The standard for rebutting a motion for summary judgment, as noted previously, requires a Plaintiff to do more than allege factual wrongdoing by the Defendants. The law requires that he must provide factual evidence which goes beyond mere allegation to prevent summary judgment. Plaintiff Watts failed to file an affidavit or any supporting evidence. This claim must fail as Plaintiff Watts has failed to show that the Defendants were

7

deliberately indifferent to a serious medical need. Thus, Plaintiff has failed to state a claim upon which relief may be granted, and all claims against the Defendants should be dismissed.

## CONCLUSION

To preclude summary judgment once the Defendants have provided evidence failing to show that any issues of fact remain, the Plaintiff must establish by going beyond the pleadings that there are still genuine issues of material fact to be resolved by a fact-finder. *See, Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). As stated above, genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. Federal Rule of Civil Procedure 56 provides that affidavits, among other discovery evidence, will be used in determining whether any issues of fact remain which should be submitted to the trier of fact for final determination. Having submitted sworn statements, the Defendants, as the moving parties, have met their burden of proof. That is, they have demonstrated to the court the basis for each of their motions which they believe show that there is an absence of any genuine issue of material fact. In response, when the burden of proving that the Defendants were not entitled to a judgment as a matter of law shifted to the Plaintiff, he failed to respond. The evidence was examined by this court in a light more favorable to the Plaintiff, as is required by the holding in *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). It is recommended that Defendants' Motion for Summary Judgment be **GRANTED** as Plaintiff has failed to provide evidence to show that any material fact upon which relief may be granted still exists.

**ACCORDINGLY**, because it appears that Defendants are entitled to judgment as a matter of law, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that the Defendants' Motions for Summary Judgment filed on their behalf be **GRANTED** as to all Claims.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 9th of January, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc